19-516-cr
*United States v. Siri-Reynoso*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty.

PRESENT:   AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            MICHAEL H. PARK,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                19-516-cr

STIVEN SIRI-REYNOSO,

                    *Defendant-Appellant,*

WANDY TEJADA, FAUSTO TORRES,

                    *Defendants.*[*]

---

FOR APPELLEE:                    Drew Skinner, Allison Nichols, Frank
                                 Balsamello, Daniel B. Tehrani, Assistant

---

[*] The Clerk is directed to amend the caption as shown above.

United States Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**       Richard A. Portale, Portale Randazzo LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 25, 2019 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Stiven Siri-Reynoso ("Siri-Reynoso") appeals from a judgment convicting him, following a jury trial, of conspiring to commit racketeering ("Count One"), conspiring to distribute and possess with intent to distribute controlled substances ("Count Two"), committing murder in aid of racketeering and aiding and abetting the same ("Count Three"), and committing murder through the use of a firearm in connection with the crimes charged in Counts Two and Three ("Count Four"). The District Court sentenced Siri-Reynoso principally to a total of life imprisonment plus five years. On appeal, Siri-Reynoso argues that his conviction must be vacated on the basis that: (1) there is insufficient evidence in support of the jury's verdict; (2) his right to counsel was violated under *United States v. Massiah*, 377 U.S. 201 (1964); and (3) his due process rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.       Sufficiency of the Evidence

Siri-Reynoso challenges the sufficiency of the evidence in support of his four counts of conviction.

A defendant challenging the sufficiency of the evidence faces "a very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002). A defendant's conviction will be upheld if any rational trier of fact could have found the elements of a crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reviewing court "view[s] the evidence in the light most favorable to the government, drawing all inferences in the government's favor," *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (internal quotation marks omitted), and applies the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others," *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999).

To prove a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, the Government must demonstrate the existence of an "enterprise" and a "pattern of racketeering activity." 18 U.S.C. §§ 1962(c), (d). The "pattern of racketeering activity" requires in turn proof of the commission of at least two predicate acts of racketeering activity within 10 years from each other. *Id.* § 1961(5). "[T]he racketeering predicates" must be "related, and . . . amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis omitted).

A racketeering conspiracy does not require the Government to "establish the existence of an enterprise, or that the defendant committed any predicate act. [The Government] need only prove that the defendant knew of, and agreed to, the general criminal objective of a jointly undertaken scheme." *United States v. Arrington*, 941 F.3d 24, 36-37 (2d Cir. 2019) (citations omitted). Therefore, a racketeering conspiracy "requires proof that a defendant agreed with others (a) to conduct the affairs of an enterprise (b) through a pattern of racketeering," *United States v. Applins*, 637 F.3d 59, 77 (2d Cir. 2011) (internal quotation marks omitted), but does not require proof of a "conspiracy to commit predicate acts," *United States v. Persico*, 832 F.2d 705, 713 (2d Cir. 1987).

Moreover, the charge of murder in aid of racketeering requires proof that, among other things, the defendant's "general purpose" in committing the crime of violence was "to maintain or increase his position in the enterprise." *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992).

On review of the record before us, we conclude that Siri-Reynoso's sufficiency challenge is meritless. We do so for substantially the reasons given by the District Court with respect to Counts Three and Four in its January 11, 2019 "Ruling on Defendant's Post-Trial Motions." *See* App'x 1698–1706. The Government presented sufficient evidence at trial in support of all four counts of conviction, which included, but was not limited to, evidence about: Siri-Reynoso's direct involvement in the sale of oxycodone and marijuana; his membership in, and association with, the Dominicans Don't Play ("DDP") racketeering enterprise; DDP's rivalry with the Trinitarios; Siri-Reynoso's direction to his cousin (Tejada) to shoot at his gang rivals resulting in the murder of an innocent bystander (Jessica White) and the arrangement for Tejada's get-away car; Siri-Reynoso's posts in social media bragging about DDP's presence in disputed gang territory shortly after White's death; and the involvement of DDP members in White's murder, narcotics trafficking, and a robbery that Siri-Reynoso committed in 2009.

More specifically, with respect to the RICO-related counts, in light of all the evidence that the DDP is a criminal enterprise and that Siri-Reynoso was closely associated with said enterprise (and the predicate acts of robbery, drug trafficking, and murder), the jury could have inferred reasonably the existence of a pattern of racketeering activity beyond a reasonable doubt. *See United States v. Minicone*, 960 F.2d 1099, 1108 (2d Cir.1991) ("The question of whether [criminal] acts form a pattern rarely is a problem with a criminal enterprise . . . .") (internal quotation marks omitted). And, with respect to the count of murder in aid of racketeering, even if there were other personal reasons

3

for the shooting, as Siri-Reynoso contends, there was sufficient evidence to establish the requisite "general purpose." *See Concepcion*, 983 F.2d at 381 (explaining that the defendant's general purpose of maintaining or increasing his position in the criminal enterprise need not be his "only or primary concern"); *see also United States v. Jones*, 239 F.3d 120, 124 n.5 (2d Cir. 2000) (stating that a murder in aid of racketeering could be both "an act of personal revenge" and "tied to . . . racketeering activities").

Ultimately, the gravamen of Siri-Reynoso's challenge is that "the Government's core eyewitnesses . . . were so manifestly compromised that their testimony. . . cannot form the basis of the convictions." Reply at 1. But the task of making credibility determinations belongs to the jury, and thus we "resolve all issues of credibility in favor of the jury's verdict," notwithstanding arguable inconsistencies in the testimony of the Government's witnesses. *Desena*, 287 F.3d at 177 (internal quotation marks omitted); *see also United States v. Moreno*, 181 F.3d 206, 212 (2d Cir. 1999) (rejecting a sufficiency challenge based on claim that testimony by witnesses was contradictory because "it was plainly for the jury to assess the credibility of the witnesses and to decide whether their testimony was believable").

In sum, we conclude that Siri-Reynoso failed to carry his "heavy burden" to overturn his conviction on sufficiency grounds and thus reject his challenge. *Desena*, 287 F.3d at 177.

**II.     *Massiah* Challenge**

Siri-Reynoso also argues that the District Court erred in admitting the testimony of Heriberto Martinez, a cooperating witness who was housed with Siri-Reynoso during pretrial detention. Specifically, Siri-Reynoso argues that the admission of Martinez's testimony resulted in a violation of his right to counsel under the rule set forth in *Massiah*.

*Massiah* makes clear that "once the right to counsel has attached, the Sixth Amendment imposes on the government an affirmative obligation not to solicit incriminating statements from the defendant in the absence of his counsel." *United States v. Rosa*, 11 F.3d 315, 329 (2d Cir. 1993) (citing *Massiah*, 377 U.S. at 206; *Maine v. Moulton*, 474 U.S. 159, 171 (1985)). "[T]hat obligation," however, "is not breached unless the government has taken some action 'that was designed deliberately to elicit incriminating remarks.'" *Id.* (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986)). We review the District Court's application of constitutional standards *de novo. See United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001).

Here, there was no *Massiah* violation. We are not aware of anything in the record suggesting that the Government took *any* action that was designed deliberately to elicit any testimony by Siri-Reynoso. And, to be sure, Siri-Reynoso does not point to anything in the record either. Placing Martinez in the same facility as Siri-Reynoso, without more, is insufficient to demonstrate a constitutional violation. *See United States v. Birbal*, 113 F.3d 342, 346 (2d Cir. 1997) (explaining that

4

the "primary concern" under *Massiah* "is to avoid secret interrogation by investigatory techniques that are the equivalent of direct police interrogation," and that "[t]he Sixth Amendment rights of a talkative inmate are not violated when a jailmate acts in an entrepreneurial way to seek information of potential value, without having been deputized by the government to question that defendant" (internal quotation marks and citation omitted)).

Far from violating Siri-Reynoso's right to counsel, prosecutors unassociated with the instant case instructed Martinez not to solicit information from inmates at the jail. More critically, Martinez did not know, among other things, who Siri-Reynoso was, anything relating to his case, why he was in jail, or who were the prosecutors involved in the case. *Cf. United States v. Henry*, 447 U.S. 264, 268–71 (1980) (concluding that there was a constitutional violation where the Government provided an informant with specific information about who the defendant was, the charges against the defendant, and the Government's interest in the defendant). Unlike the circumstances in *Henry*, Siri-Reynoso failed to demonstrate that Martinez was a government informant "deputized by the government to question" Siri-Reynoso, or that Martinez's conversation with Siri-Reynoso was "the equivalent of [a] direct police interrogation." *Birbal*, 113 F.3d at 346.

Accordingly, the District Court did not err in admitting the testimony of Martinez.

## III.    *Brady / Giglio* **Challenge**

Siri-Reynoso's last challenge does not fare any better. Siri-Reynoso argues that the Government's inadvertent failure to produce a letter from Miguel Carela ("Carela"), a cooperating witness and a member of the Trinitarios, to a prosecutor unassociated with the instant case violated Siri-Reynoso's due process rights under *Brady* and *Giglio*. Siri-Reynoso contends that, as a result of the violation of the Government's obligation to disclose exculpatory material and impeaching evidence, he is entitled to a new trial.

To establish a claim based on a violation of these constitutional obligations, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (citation omitted). "Under *Brady* and *Giglio,* the government's failure to disclose favorable information will result in an order of retrial if the undisclosed information is 'material,' within the exacting standard of materiality established by the governing case law." *United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). "[S]uch undisclosed information is deemed material so as to justify a retrial only 'if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995)).

In reviewing Siri-Reynoso's challenge, we conduct "an independent examination of the record to determine whether *Brady* has been violated in a nondisclosure claim" and "of a district

court's determination of materiality, which is a mixed question of fact and law." *United States v. Zagari*, 111 F.3d 307, 320 (2d Cir. 1997).

On review, we conclude that Siri-Reynoso is not entitled to a new trial in the circumstances presented here. With the agreement of Siri-Reynoso's counsel at trial, the District Court substantially mitigated the risk of any ensuing prejudice by authorizing Carela's letter, whose primary value consisted of impeaching Carela's credibility, to be introduced into the record. The District Court also permitted defense counsel to give an additional summation. As a result, the jury had an opportunity to examine the evidence with the benefit of defense counsel's summation.

Relatedly, Carela's credibility had little, if anything, to do with the jury's verdict on the first four counts of the indictment, the only counts on which Siri-Reynoso was convicted. In fact, the jury acquitted Siri-Reynoso of the charge in Count Six (*i.e.*, using, carrying, and possessing a firearm, which was discharged, in connection with an attempted murder in aid of racketeering), which was the primary focus of Carela's testimony. Nor does Siri-Reynoso reasonably assert that this is a situation where the pertinent material, Carela's letter, "could have led to specific exculpatory information only if the defense undertook further investigation." *Leka v. Portuondo*, 257 F.3d 89, 101 (2d Cir. 2001). If anything, Carela's letter allowed Siri-Reynoso to bolster his efforts in impeaching the credibility of Carela to the point of successfully obtaining an acquittal on Count Six.

In sum, there was "no [reasonable] probability that the government's late disclosure of the evidence resulted in a different outcome in [Siri-Reynoso's] case." *United States v. Rittweger*, 524 F.3d 171, 182 (2d Cir. 2008); *see also United States v. Persico*, 645 F.3d 85, 111 (2d Cir. 2011) ("[U]ndisclosed impeachment evidence is not material in the *Brady* sense when, although 'possibly useful to the defense,' it is 'not likely to have changed the verdict.'" (quoting *Giglio*, 405 U.S. at 154)). Accordingly, Siri-Reynoso is not entitled to a new trial and his challenge thus fails.

## CONCLUSION

We have reviewed all of the arguments raised by Siri-Reynoso on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 25, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6